IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CALIP JOSEPH FARMER, PRO SE, <br> TDCJ-CID # 1265586, <br> Previous TDCJ-CID #404635 <br> Previous TDCJ-CID #892135 <br><br> Plaintiff, <br><br> v. <br><br> JEREMY K. WINKLER, Sergeant, <br> JAMES H. WILLIAMS, CO IV, <br> RICHARD L. SHAY, Officer, <br> MARGARET K. McCLEARY, <br><br> Defendants. | 2:05-CV-0220 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff CALIP JOSEPH FARMER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

Plaintiff claims defendant WINKLER was deliberately indifferent to a substantial risk of serious harm when he forced him to work on the hoe squad; and defendant WILLIAMS conspired with defendant WINKLER by writing plaintiff two disciplinary cases for refusing to turn out to work on May 10, 2005 and on July 1, 2005. Plaintiff states "it is my belief that said officer's [sic] are retialiing [sic] against [plaintiff] for his exercising his right to file a grievance complaint." Plaintiff claims defendant McCLEARY found no wrongdoing in her investigation of plaintiff's grievance. Lastly, by his "Notice of Facts and Memorandum of Charges" attached to his original complaint, plaintiff alleges defendants SHAY, WILLIAMS, and WINKLER were verbally abusive; WILLIAMS struck him with his hat; and SHAY kicked him in the back of his legs as he was making his way down a flight of stairs and being forced to drag his property, despite his back pain.

Plaintiff requests that defendant WINKLER be removed from the position of field boss and that he be awarded $100,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

In his Complaint, plaintiff responds to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure by checking the box marked "yes." Nevertheless, the grievances plaintiff has attached to his complaint demonstrate he has only exhausted administrative remedies on the claims that he was forced by WINKLER to work in violation of his medical restrictions and suffered verbal abuse.

As to plaintiff's other claims of conspiracy, false disciplinary cases, retaliation, McCLEARY's investigation, being struck by WILLIAMS with his hat, being kicked in the back of the leg by SHAY, and being forced to drag his property, plaintiff has utterly failed to exhaust administrative remedies.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims of conspiracy, false disciplinary cases, retaliation, McCLEARY's investigation, being struck by WILLIAMS with his hat, being kicked in the back of the leg by SHAY, and being forced to drag his property, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The remaining claims, on which administrative remedies appear to have been exhausted, are of verbal abuse and of deliberate indifference by defendant WINKLER.

Threats, harassment and verbal abuse are not actionable under section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir.1987)(holding that technical batteries, angry words or passing thumps do rise to the level of constitutional abuses). Therefore, by these allegations, plaintiff has failed to state a claim on which relief can be granted.

Lastly, the facts plaintiff presents do not support a claim of deliberate indifference by defendant WINKLER. Plaintiff alleges that, while working in the hoe squad, he was

instructed by WINKLER to "lift his aggie head high" at which time plaintiff responded he was not able to because of a lower back injury which he says limits his movement while doing hard labor.  Plaintiff says WINKLER responded with a vulgar remark.

To substantiate this claim, plaintiff says that at some time he had suffered an earlier back injury from unloading a truck at the boot factory, had been given medical treatment including Ibuprofen and a back brace, and was being considered for surgery.  Plaintiff states he had a medical restriction against lifting more than 25 pounds.  Plaintiff does not contend that his "aggie" weighed more than 25 pounds or that he was restricted from lifting something above his shoulders or from repetitive movement.  Thus, it appears that, aside from plaintiff's complaints, defendant WINKLER did not have knowledge of any facts indicating plaintiff's job violated any medical restriction or placed him in substantial danger of serious physical injury.  Plaintiff has failed to state a claim of deliberate indifference against defendant WINKLER.

## CONCLUSION

Plaintiff's claims are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions, are frivolous, and fail to state a claim on which relief can be granted.

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

4

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   30th   day of January, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE